IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY GENE BUSHART JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. <u>1:25-cv-01288</u> |
| | ) | |
| PERRY COUNTY, TENNESSEE; NICK | ) | |
| WEEMS, in his individual capacity; and | ) | |
| JASON MORROW, in his individual capacity; | ) | |
| | ) | |
| *Defendants*. | ) | |

## **DEFENDANTS' ANSWER**

Defendants Perry County, Tennessee, Sheriff Nick Weems, and Jason Morrow, respond to Plaintiff's Complaint as follows:

## **GENERAL OBJECTION**

Defendants object to the Complaint to the extent that it fails to comply with Rules 8 and 10 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendants object to the allegations appearing in Plaintiff's Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such apparent or unapparent implications are expressly and unequivocally denied, and Defendants demand strict proof thereof.

## **ADMISSIONS AND DENIALS**

Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

1.      Defendants admit that Defendants do not jail people for political speech. Defendants deny the remaining allegations.

2.      Defendants admit that on September 10, 2025, a gunman assassinated conservative commentator Charlie Kirk at a Utah university while in front of an audience. Defendants further admit that the assassination was widely reported via the media. Defendants are without sufficient information to admit or deny the remaining allegations and demand strict proof thereof.

3.      Upon information and belief, Defendants admit that Larry Bushart is a 61-year-old resident of Lexington, Tennessee. Defendants further admit that Bushart posted several memes on the What's Happening in Perry County Facebook page, including the meme depicted under Paragraph 3. Defendants also admit that the meme in part purported to quote President Trump concerning a "Perry High School mass shooting one day after." Defendants deny the remaining allegations.

4.      Denied.

5.      Denied.

6.      Defendants admit that Bushart was arrested on September 21, 2025, at approximately 11:14 p.m. and he was later transported him to the Perry County Jail. Defendants further admit that Bushart was incarcerated for approximately 37 days and that his bond was set at $2 million by the court. Defendants are without sufficient information to admit or deny whether Bushart could pay the $2 million bond and demand strict proof thereof. Defendants deny the remaining allegations.

7.      Defendants admit that Plaintiff accurately quoted portions of statements purportedly ascribed to Sheriff Weems in various news articles. Defendants deny the remaining

allegations.

8.      Defendants are without sufficient information to admit or deny whether Perry County School District "has no records at all concerning Mr. Bushart or the Meme" and demand strict proof thereof. Defendants deny the remaining allegations.

9.      Defendants admit that the First Amendment prohibits arresting people for protected political speech. Defendants deny the remaining allegations.

## JURISDICTION AND VENUE

10.     Defendants admit that Plaintiff brings claims under the First, Fourth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §§ 1983 and 1988. Defendants deny the remaining allegations and deny that Plaintiff is entitled to any relief under any theory of law.

11.     Defendants admit that this Court possess jurisdiction over this matter. Defendants deny that Plaintiff is entitled to a relief under any theory of law.

12.     Defendants admit that this Court is the appropriate venue for this matter but deny that Plaintiff is entitled to relief under any theory of law.

13.     Defendants admit that this Court is the appropriate venue for this matter but deny that Plaintiff is entitled to relief under any theory of law.

## THE PARTIES

14.     Upon information and belief, Defendants admit that Bushart is a resident of Henderson County, Tennessee, and that he was arrested and subsequently incarcerated for approximately 37 days. Defendants deny the remaining allegations.

15.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

16.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

17.     Defendants admit that Weems is the Sheriff of Perry County, Tennessee, that Plaintiff brings suit against him, and that in his capacity as Sheriff, he acts under color of law. Defendants deny the remaining allegations and assert that Weems is shielded by qualified immunity.

18.     No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

19.     No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

20.     Defendants admit that Morrow is an investigator with Perry County Sheriff's Office, that Plaintiff bring suit against him, and that in his capacity as an investigator, he acts under color of law. Defendants deny the remaining allegations and assert that Morrow is shielded by qualified immunity.

21.     Admitted. Defendants deny Plaintiff is entitled to any relief under any theory of law.

22.     Denied.

**FACTUAL ALLEGATIONS**

23.     Admitted.

24.     Deny that "Kirk's death drove the national political discourse for weeks," but admit that Kirk's assassination received wide-spread media attention for weeks. Admit the remaining

allegations.

25.     Admitted.

26.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendants deny that Bushart called for stricter gun laws when posting memes on the "What's Happening in Perry County, TN" Facebook page.

27.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendants deny that Bushart cited Kirk's alleged argument that some gun deaths are an unfortunate but necessary cost for preserving the right to bear arms when posting memes on the "What's Happening in Perry County, TN" Facebook page.

28.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendants deny that Bushart "asked why other victims of gun violence weren't mourned with the same national intensity" when posting memes on the "What's Happening in Perry County, TN" Facebook page.

29.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendants deny they took any action towards Bushart due to his "comments about Kirk."

30.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendants deny they investigated anyone because they criticized or celebrated Kirk's death.

31.     Admitted.

32.     Defendants admit that "[r]esidents promoted the vigil on Facebook" and that Sheriff Weems shared the depicted post. Defendants deny the remaining allegations.

33.     Defendants admit that on September 20, 2025, Bushart posted numerous memes on

the "What's Happening in Perry County, TN" Facebook page, but deny he participated in a "political conversation." Defendants are without sufficient information to admit or deny his specific location when doing so and demand strict proof thereof. Defendants deny the remaining allegations.

34.     Defendants admit that the "What's Happening in Perry County, TN" Facebook page publicizes events relevant to Perry County residents. Defendants deny the remaining allegations.

35.     Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph and demand strict proof thereof.

36.     Defendants admit that Plaintiff posted the depicted memes. Defendants deny the remaining allegations.

37.     Defendants admit that Plaintiff accurately depicts the meme he posted concerning the Perry High School mass shooting ("the Meme") and the meme was the fifth of eight he posted. Defendants deny the remaining allegations.

38.     Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

39.     Denied.

40.     Denied.

41.     Defendants admit that Plaintiff accurately quotes a portion of three comments to posts made by Plaintiff, but deny that the comments specifically referenced and/or referred to the Meme at issue. Defendants deny the remaining allegations.

42.     Defendants admit that Plaintiff accurately quotes a portion of a comment referencing Plaintiff's posts, but deny that the comments specifically referenced and/or referred to the Meme at issue. Defendants deny the remaining allegations.

43.     Denied.

44.     Defendants admit that Sheriff Weems discussed the Meme with Morrow. Defendants deny the remaining allegations.

45.     Defendants admit that Morrow contacted LPD and requested that they speak to Plaintiff in support of his investigation of Plaintiff. Defendants deny the remaining allegations.

46.     Admitted.

47.     Admitted.

48.     Defendants admit that Morrow requested an LPD officer to make contact with Bushart. Deny the remaining allegations.

49.     Admitted.

50.     Defendants admit that Plaintiff accurately quotes a portion of the LPD officer's statements to Plaintiff. Defendants however deny that the quoted excerpts reflect all information the LPD officer provided to Plaintiff, that the statements detail all the officers' knowledge concerning the Meme, or that the statements detail all the information that was relayed to the officer by Perry County. Defendants deny the remaining allegations.

51.     Admitted. Defendants however deny that the quoted excerpts reflect all information the LPD officer provided to Plaintiff, that the statements detail all the officers' knowledge concerning the Meme, or that the statements detail all the information that was relayed to the officer by Perry County.

52.     Admitted.

53.     Admitted.

54.     Denied.

55.     Denied.

56.     Admitted.

57.     Denied.

58.     Defendants are without sufficient information to admit or deny the allegations appearing in this paragraph.

59.     Denied.

60.     Denied.

61.     Admitted.

62.     Defendants admit that the paragraph reflects the narrative portion of Morrow's affidavit. Defendants deny the remaining allegations.

63.     Defendants admit that Plaintiff accurately quotes a portion of Section 39-16-517(b) of the Tennessee Code.

64.     Defendants admit that Morrow did not explicitly state in his affidavit that the Meme referenced a shooting from Iowa. Defendants deny that said information was relevant to a finding of probable cause.

65.     Defendants admit that the magistrate is a nonlawyer. Defendants deny the remaining allegations.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.    Admitted. Defendants deny the allegations to the extent they attempt to create a precise timeline of events.

74.    Admitted.

75.    Defendants admit that LPD officers followed Plaintiff into his house to put on shoes and that he collected his cell phone. Defendants deny that Plaintiff collected any other belongings.

76.    Defendants admit that Plaintiff was allowed into his home unrestrained to put on shoes with an officer present. Defendants deny the remaining allegations.

77.    Admitted. Defendants deny the allegations to the extent they attempt to create a precise timeline of events.

78.    Admitted.

79.    Admitted.

80.    Admitted.

81.    Admitted.

82.    Admitted.

83.    Defendants admit that Plaintiff accurately quoted the LPD officer. Defendants deny that he laughed before the quoted statement.

84.    Defendants admit that Plaintiff accurately quoted a portion of Plaintiff's statements to the LPD officer in response to the officer stating "I'm not saying you did or did not commit a crime."

85.    Defendants admit that the LPD officer stated "That's not illegal" in response to Plaintiff claiming he "may have been an asshole."

86.    Admitted.

87.    Admitted.

88.    Admitted.

89.    Admitted.

90.    Defendants admit that Plaintiff was charged with violating Tenn. Code Ann. § 39-16-517. Defendants deny the remaining allegations.

91.    Admitted.

92.    Admitted.

93.    Defendants admit that Sheriff Weems made comments to media explaining the charge brought against Plaintiff. Defendants deny the remaining allegations.

94.    Admitted.

95.    Admitted.

96.    Admitted and further admit that it is also colloquially referred to as "Perry High School."

97.    Admitted.

98.    Admitted. Defendants deny that the quoted portion reflects Sheriff Weems's entire comment.

99.    Admitted. Defendants deny that the quoted portion reflects Sheriff Weems's entire comment.

100.    Denied.

101.    Denied.

102.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

103.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

104.    Admitted.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Defendants admit that Sheriff Weems sat for a television interview. Defendants deny the remaining allegations and deny the allegations to the extent they attempt to create a precise timeline of events.

109.    Denied.

110.    Defendants admit the allegation quotes a portion of Sheriff Weems's comments. Defendants deny the allegation includes Weems's full statement.

111.    Defendants admit the allegation quotes a portion of Sheriff Weems's comments. Defendants deny the allegation includes Weems's full statement.

112.    Defendants admit the allegation quotes a portion of Sheriff Weems's comments. Defendants deny the allegation includes Weems's full statement.

113.    Defendants are without sufficient information to admit or deny the LPD's comments to the media. Defendants deny that LPD was not asked to contact Plaintiff in part to make an attempt to de-escalate and/or clarify his remarks.

114.    Admitted.

115.    Admitted.

116.    Defendants admit that Plaintiff was arrested the night of September 21, 2025, due to his violation of Tenn. Code Ann. § 39-16-517 – Threats of Mass Violence on School Property and Activities for intentionally and/or recklessly conveying a threat of mass violence at Perry County High School. Defendants deny the remaining allegations.

117.    Admitted.

118.    Denied.

119.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

120.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

121.    Denied.

122.    Denied.

123.    Defendants admit that Plaintiff retained a criminal defense attorney to defend the charges against him. Defendants deny the remaining allegations.

124.    Denied.

125.    Denied.

126.    Denied.

## CAUSES OF ACTION

127.    Defendants incorporate the foregoing responses as if fully set forth herein.

128.    Denied.

129.    Defendants admit that Plaintiff accurately quotes a portion of the cited case. Defendants deny that the quoted portions of the cited case accurately and/or completely reflect the law and deny the remaining allegations.

130.    Denied.

131.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

132.     Defendants admit that Plaintiff accurately quotes a portion of the cited case. Defendants deny that the quoted portions of the cited case accurately and/or completely reflect the law and deny the remaining allegations.

133.     Denied.

134.     No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

135.     Denied.

136.     Denied.

137.     No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

138.     Defendants admit that Sheriff Weems believed that the Meme violated § Tenn. Code Ann. § 39-16-517. Defendants deny that Bushart was engaging in protected speech in posting the Meme and deny and remaining allegations.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Defendants admit that Sheriff Weems made public statements defending Plaintiff's

arrest and subsequent incarceration. Defendants deny the remaining allegations.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Defendants incorporate the foregoing responses as if fully set forth herein.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Defendants incorporate the foregoing responses as if fully set forth herein.

175.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

176.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Admitted that the allegation quotes a portion of Morrow's affidavit.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

189.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Defendants incorporate the foregoing responses as if fully set forth herein.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Admitted.

209.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

**Prayer for Relief:** In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to relief from Defendants, and respectfully request this cause be dismissed with costs taxed to Plaintiff.

All other allegations of the Complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that the Plaintiff is entitled to any relief under any theory of law and demand that the Complaint be dismissed and that Defendants be awarded their reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 1988.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff has failed to state a claim upon which relief can be granted.  Therefore, the Complaint should be dismissed.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate, minimize, avoid, or otherwise act to lessen or reduce the Plaintiff's alleged injuries or damages.

3.      To the extent the Perry County District Attorney's Office brings charges in the future against Plaintiff in connection with Plaintiff's posting of the Meme that results in a conviction or finding of guilt, Defendants assert that Plaintiff's claims are barred under the *Heck* doctrine.

4.      To the extent that Plaintiff's 42 U.S.C. § 1983 claims against Defendants is based on a *respondeat superior* theory of liability, such claims are without merit and are not allowable under 42 U.S.C. § 1983.

5.      Defendant Perry County relies upon any and all immunities, including sovereign immunity and the public duty doctrine.

6.      At all times relevant, Defendants acted in good faith, as reasonable and prudent governmental entity/actors without any subjective denial of the Plaintiff's Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect Plaintiff. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner given the information and circumstances then and there known to the Defendants.

7.      Defendants Weems and Morrow are entitled to qualified immunity because (1) they did not violate Plaintiff's constitutional rights, and (2) the constitutional right at issue was not clearly established in the specific context so that a reasonable officer in Weems or Morrow's shoes would have understood that they violated Plaintiff's constitutional rights. For example, Defendants assert that Weems and Morrow are entitled to qualified immunity because they did not violate Plaintiff's First or Fourth Amendment rights, as they had probable cause to arrest Plaintiff and did not retaliate against Plaintiff for his unprotected speech. Alternatively, a reasonable officer in Weems and Morrow's shoes would not have understood that they were violating Plaintiff's First and/or Fourth Amendment rights by arresting and/or charging him. Weems and Morrow are also

entitled to qualified immunity because they relied on the advice provided by the Perry County District Attorney's Office before charging Plaintiff and because the General Sessions Clerk, after having been apprised of facts then known, found that probable cause existed to charge Plaintiff.

8.      Plaintiff's First Amendment claim fails because even if Plaintiff could show that Defendants retaliated against Plaintiff based on his speech (they did not), Defendants still had probable cause to arrest Plaintiff and would have taken the same action. Moreover, the Meme was not protected speech, as it constituted a true threat and/or another category of unprotected speech.

9.      Plaintiff is not entitled to recover punitive damages against Defendants. Plaintiff's claim for punitive damages violates numerous amendments to the CONSTITUTION OF THE UNITED STATES. For instance, it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the UNITED STATES CONSTITUTION to impose punitive damages, which are penal in nature, against a civil defendant upon satisfying a burden of proof less than beyond a reasonable doubt. Moreover, the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or specific standards on the amount of such an award which thereby violates the Due Process Clause of the Fourteenth Amendment of the UNITED STATES CONSTITUTION. With regard to Plaintiff's claim for punitive damages, Defendants adopt and incorporate by reference any and all defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States, including the decisions rendered in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678, 149 L.Ed 2d 674 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), and *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605 (2008) on the issue of punitive damages.

Defendants deny that Plaintiff is entitled to any compensatory, special, consequential, incidental, or punitive damages, reasonable attorney's fees, costs, expenses, interest or any other relief of any kind whatsoever. Notwithstanding, should Plaintiff obtain any recovery, such an award is limited by any and all provisions set forth in the TENNESSEE CIVIL JUSTICE ACT OF 2011, TENN. CODE ANN. § 29-39-101 *et seq*., including, but not limited to, the definitions of and limitations regarding compensatory and punitive damages set forth in TENN. CODE ANN. §§ 29-39-101, -102, and -104.

10.     In light of Plaintiff's claim for punitive damages, Defendants move, pursuant to Rule 42(b) of the FEDERAL RULES OF CIVIL PROCEDURE, for a bifurcated trial on the issues Defendants affirmatively reserve the right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may become warranted due to discovery or factual developments.

WHEREFORE PREMISES CONSIDERED Defendants Perry County, Tennessee, Sheriff Nick Weems, and Jason Morrow hereby demand that the Complaint be dismissed and that the costs of this cause be assessed against the Plaintiff for which execution may issue, if necessary.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By:    s/Nathan D. Tilly
       Nathan D. Tilly (#031318)
       *Attorney for Defendants, Perry*
       *County, Tennessee, Nick Weems*
       *and Jason Morrow*
       162 Murray Guard Drive, Suite B
       Jackson, Tennessee 38305
       (731) 668-5995 – Telephone
       (731) 668-7163 – Facsimile
       ntilly@pgtfirm.com
       hrussell@pgtfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via US District Court ECF system upon:

Katherine Phillips            Adam Steinbaugh
Phillips & Phillips, PLLC      Foundation for Individual Rights
46 S. Main Street, Ste. 2      and Expression
Lexington, TN 38351            510 Walnut Street, Ste. 900
                               Philadelphia, PA  19106

David Rubin
Foundation for Individual Rights and
Expression
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC  20003

on or before the filing date thereof.

DATE:  This the 9th day of February, 2026.

By:    s/Nathan D. Tilly
       Nathan D. Tilly