**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION**

| | |
|---|---|
| LARRY GENE BUSHART, JR.,<br><br>*Plaintiff*,<br><br>v.<br><br>PERRY COUNTY, TENNESSEE; NICK WEEMS, in his individual capacity; and JASON MORROW, in his individual capacity;<br><br>*Defendants*. | No. 1:25-cv-01288-STA-jay |

## JOINT RULE 26(f) REPORT

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held via videoconference on March 5, 2026.  David Rubin and Adam Steinbaugh, attorney(s) for Plaintiff, and Nathan Tilly and Haynes Russell, attorney(s) for Defendants, participated in this conference.

2.      **Initial Disclosures**.  The parties will complete by **April 3, 2026**, the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

3.      **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

(a)      Discovery will be needed on these subjects:

1.      Liability
2.      Causation
3.      Damages; and
4.      Defendants' Affirmative Defenses

The Parties anticipate requesting electronically stored information ("ESI") in discovery and

1

are still evaluating what information (if any) they possess. Potentially relevant ESI could include —

in addition to other categories of ESI — emails, text messages, messages sent using Signal or similar

communications apps, and social media data. The Parties will follow Local Rule 26.1(e) as their

default e-discovery plan, which the Parties may amend by agreement. If information comes to light

after the entry of this Order that materially impacts a Party's right to e-discovery, the Party may move

the Court to amend the default e-discovery plan.

The Parties agree that any inadvertent production of privileged or work-product-protected

material shall not constitute a waiver of the applicable privilege or protection, nor shall it result in

subject-matter waiver. A party who receives information that reasonably appears to be privileged shall

promptly notify the producing party and, upon request: (1) return or destroy all copies of the

inadvertently produced material; (2) refrain from using or relying upon the material unless and until

the Court orders otherwise; and (3) take reasonable steps to retrieve the material from any third parties

to whom the receiving party disclosed it, if any. Nothing in this clawback provision limits or waives

the receiving party's right to challenge the asserted privilege before the Court.

**(b)** The parties agree that claims of privilege or of protection as trial preparation

material, including procedures to assert said claims after production, will be governed by the

procedures outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure.

The Parties agree that any inadvertent production of privileged or work-product-protected

material shall not constitute a waiver of the applicable privilege or protection, nor shall it result in

subject-matter waiver. A party who receives information that reasonably appears to be privileged shall

promptly notify the producing party and, upon request: (1) return or destroy all copies of the

inadvertently produced material; (2) refrain from using or relying upon the material unless and until

the Court orders otherwise; and (3) take reasonable steps to retrieve the material from any third parties

to whom the receiving party disclosed it, if any. Nothing in this clawback provision limits or waives

the receiving party's right to challenge the asserted privilege before the Court.

(c)    Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery is as follows:

| | |
|---|---|
| COMPLETING ALL DISCOVERY AS FOLLOWS: | **January 14, 2027** |
| DOCUMENT PRODUCTION, INTERROGATORIES REQUESTS FOR ADMISSIONS, AND FACT WITNESS DEPOSITIONS: | **December 15, 2026** |

EXPERT DISCLOSURE (Rule 26):

| | | |
|---|---|---|
| 1. | Plaintiff's Rule 26 Experts: | **November 13, 2026** |
| 2. | Defendants' Rule 26 Experts: | **December 15, 2026** |
| 3. | Supplementation under Rule 26(c): | **January 14, 2027** |
| 4. | Expert Witness Depositions: | **January 14, 2027** |

(d)    Maximum number of interrogatories by each party to another party shall not exceed 25 with response to said interrogatories being due 30 days after service of same.

(e)    The maximum number of requests for admissions by each party to another party shall not exceed 25 with responses to said request for admissions being due 30 days after service of same.

(f)    The maximum number of depositions for each party not including Rule 26 designated Experts shall be 10, unless additional depositions are agreed to in writing by the parties.

(g)    The length of any individual deposition shall not exceed 7 hours in deposition time unless an extension is agreed to in writing by the parties.

(h)    Dates for exchanging reports of expert witnesses under Rule 26(a)(2):

**1.**    Plaintiff's Rule 26 Experts: **November 13, 2026**

**2.**    Defendants' Rule 26 Experts: **December 15, 2026**

(i)    Supplementation under Rule 26 (e)(1) will be due within a reasonable amount

3

of time after the need for supplementation arises.  Supplementation for expert witnesses under Rule 26(e)(2) will be due no later than **January 14, 2027**.

4. **Other Items:**

(a) Final dates for parties to amend pleadings or join parties:  **May 19, 2026**

(b) Final dates to file dispositive motions:  **February 15, 2027**

(c) State the prospects for settlement:  **AT THE CONCLUSION OF DISCOVERY**

(d) Identify any alternative dispute resolution procedure that may enhance settlement prospects: The parties will participate in the court required ADR. Because Plaintiff's counsel is a nonprofit organization and this case involves constitutional issues, Plaintiff respectfully requests that the Court refer the parties to a magistrate judge for judicially conducted ADR. Plaintiff agrees to continue to discuss private mediation in the event the Court does not refer the parties for judicially conducted ADR.

(e) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists:

1. Plaintiff:  To be done in accordance with the trial judge's notice of trial setting.

2. Defendants: To be done in accordance with the trial judge's notice of trial setting.

(f) Final dates to file objections under Rule 26 (a)(3):

1. Plaintiff: To be done in accordance with the trial judge's notice of trial setting.

2. Defendants: To be done in accordance with the trial judge's notice of trial setting.

(g) Suggested trial date and estimate of trial length:

Suggested trial date:        At the convenience of the Court.

4

Anticipated length of Trial:    2–3 days.


Respectfully submitted,

By:    s/ Nathan D. Tilly
Nathan D. Tilly (#031318)
PENTECOST, GLENN & TILLY
162 Murray Guard Dr., Ste. B
Jackson, TN  38305
(731) 668-5995
ntilly@pgtfirm.com

*Attorney for Defendants*


By:    s/ David Rubin
David Rubin*
(CA Bar No. 329852; D.C. Bar No. 90021100)
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
700 Pennsylvania Ave. SE, Suite 340
Washington, DC 20003
(215) 717-3473
david.rubin@fire.org

Adam Steinbaugh*
(CA Bar No. 304829; PA Bar No. 326475)
Cary Davis*
(PA Bar No. 338042)
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
adam@thefire.org
cary.davis@thefire.org

Katherine Phillips
(TN BPR No. 036757)
PHILLIPS & PHILLIPS, PLLC
46 S. Main Street, Suite 2
Lexington, TN 38351
(731) 249-5246
katie@phillipsandphillips.law

*Admitted *pro hac vice*

5

*Attorneys for Plaintiff*

6