**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**JACKSON DIVISION**

| | |
|---|---|
| LARRY GENE BUSHART, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> PERRY COUNTY, TENNESSEE; NICK WEEMS, in his individual capacity; and JASON MORROW, in his individual capacity; <br><br> *Defendants*. | No. 1:25-cv-01288-STA-jay |

---

**STANDARD TRACK SCHEDULING ORDER**

---

Pursuant to Local Rule 16.2, a scheduling conference was held on March 20, 2026. Present were David Rubin, Adam Steinbaugh, and Cary Davis, counsel for plaintiff, and Nathan Tilly and Haynes Russell, counsel for defendants. Prior to the scheduling conference, on March 5, 2026, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: April 3, 2026

**MOTIONS TO JOIN PARTIES**: May 19, 2026

**MOTIONS TO AMEND PLEADINGS**: May 19, 2026

**MOTIONS TO DISMISS**: June 18, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** June 12, 2026

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

Because Plaintiff's counsel is a nonprofit organization and this case involves constitutional issues, Plaintiff respectfully requests that the Court refer the parties to a magistrate judge for judicially conducted ADR.

**COMPLETING ALL DISCOVERY**:  January 14, 2027

   (a) **WRITTEN DISCOVERY**:  December 15, 2026
   (b) **DEPOSITIONS**:  January 14, 2027

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

   (a) **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION**:
       November 13, 2026
   (b) **DISCLOSURE OF DEFENDANTS' RULE 26(a)(2) EXPERT INFORMATION**:
       December 15, 2026
   (c) **EXPERT WITNESS DEPOSITIONS**:  January 14, 2027

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**:
January 29, 2027

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  January 14, 2027

**FILING DISPOSITIVE MOTIONS**:  February 15, 2027

**OTHER RELEVANT MATTERS**:

   As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery.  The Parties anticipate requesting electronically stored information ("ESI") in discovery and are still evaluating what information (if any) they possess. Potentially relevant ESI could include — in addition to other categories of ESI — emails, text messages, messages sent using Signal or similar communications apps, and social media data.  The Parties will follow Local Rule 26.1(e) as their default e-discovery plan, which the Parties may amend by agreement. If information comes to light after the entry of this Order that materially impacts a Party's right to e-discovery, the Party may move the Court to amend the default e-discovery plan.

   No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

   Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such

2

default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial.  The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order.  The parties anticipate the trial will last approximately 3–4 days.

The parties are ordered to engage in ADR by the ADR deadline.  Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56.  As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response.  Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

s/S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: 3/20/2026